NESBY, Respondent, v. RIME, Appellant.

(186 N. W. 876.)

(File No. 4965.   Opinion filed February 16, 1922.)

1. Specific Performance—Vendor's Ability, Willingness, to Remove Liens, Deed Subject to Minimum Incumbrance, Tender, Return of Abstracts for Correction—Whether Vendor Completed His Contract—Sufficiency of Evidence.

In a suit by plaintiff to enforce specific performance of a written contract for sale of realty, obligating him to remove certain liens, furnish abstract showing clear title except a specified mortgage, defense being that he failed to procure releases of certain mortgages, he contending he was able so to do; held, under the evidence, that plaintiff would have been in a position to and would have been ready to have carried out his part of. the contract had defendant fulfilled his agreement regarding payments he contracted to make on date of contract.

2. Same—Defense of False Representation Re Quack Grass, Re Area Thereof, Vendee's Knowledge That Plaintiff Merely Estimated Same—Evidence Sustaining Truth of Representations.

Under a contract of sale of realty, defended on ground that plaintiff vendor falsely represented to vendee that there was but some 4 or 5 acres of quack grass on the half section if it was all together; evidence showing vendee knew that vendor had never measured the quack grass and understood vendor was merely making a rough guess as to its amount, evidence being conflicting as to its area, and vendee claiming a deduction of $4000 from the $64,000 sale proposition of vendor, held, that trial court correctly made finding that vendor's representations were true, or that, even if there was more quack grass than was represented, vendor did not wilfully and knowingly misrepresent the true condition; and judgment for specific performance is affirmed.

Appeal from Circuit Court, Minnehaha County.   Hon. JOHN T. MEDIN, Judge.

Action by P. M. Nesby, against H. O. Rime, to enforce specific performance of a written contract for sale of realty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

*Robertson & Cloud,* for Appellant.
*Krause & Krause,* for Respondent.

WHITING, J.  [1]  Action to enforce specific performance of a written contract to purchase land.  Judgment for plaintiff. Appeal from judgment and from order denying new trial.  Appellant states that there are but two main questions requiring consideration upon this appeal:

(a)  "Was the defendant justified in rescinding his contract upon his discovery of the extent of the quack grass upon the Moody county farm?"

(b)  "Has the plaintiff, under the record herein, placed himself in proper position or done all upon his part to be performed to enable him to bring this action?"

In our opinion, there is no other question meriting consideration; and, as regards question (b), it is perfectly clear that the plaintiff would have been in a position to, and would have been ready to, have carried out his part of the contract, if defendant had fulfilled his agreements in regard to payments which he contracted to make on the date the contract was executed.

[2]  We therefore need consider but the question of whether defendant was justified in attempting to rescind the contract.  It appears undisputed that, prior to the execution of the contract, defendant had been advised that there was considerable quack grass on plaintiff's land; that, both prior to the execution of such contract and afterwards, he stated and represented to plaintiff that he had learned that there were some 60 or 70 acres of quack grass on such land—320 acres; that plaintiff denied such statement, though admitting that there was quack grass on the land, but stating that there was not over 3 or 4 acres of it, *if it was all together;* and that, when this statement was made by plaintiff, both prior to the execution of the contract and subsequent thereto, defendant knew that plaintiff had never measured the quack grass, and understood that plaintiff was merely making a rough guess as to the amount thereof.

There was testimony tending to show that a large part of this farm was infected with quack grass, and some testimony from which it might be inferred that much more than 4 acres of it was covered by such grass; some of the witnesses testify-

14—Vol. 45, S. D.

ing that there were large tracts all covered by such grass. On the other hand, there was testimony of witnesses 'tending to show that, while there was quack grass scattered over a good share of the farm, it was in small spots a few feet across, and that, all together, if such spots were put together, it would not exceed 3 or 4 acres. There is no testimony whatever that plaintiff knew that there was more quack grass on the land than he represented. It appears without dispute that plaintiff asked $200 an acre, or $64,000 for his farm, and that defendant offered $60,000; that at least one of defendant's reasons for demanding a reduction from the $64,000 was because of the quack grass on the farm.

It follows from the above that the trial court might correctly find that the representations made by plaintiff were true; or that, even if there was more quack grass than represented by plaintiff, plaintiff himself did not willfully and knowingly misrepresent the true condition.

It follows that the judgment and order appealed from should be, and they are, affirmed.